IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION YOUNGSTOWN

| | |
|---|---|
| KIMBERLY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:12-cv-2397 |
| v. ) | |
| ) | **Jury Trial Demanded** |
| CREDIT CONTROL, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### PARTIES

4. Plaintiff, Kimberly Jones ("Plaintiff"), is a natural person who at all relevant times resided in the State of Ohio, County of Columbiana, and City of East Liverpool.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Credit Control, LLC, ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of an alleged debt in default (the "Debt"), Defendant placed a call to Plaintiff's residence on July 19, 2012 at 10:36 A.M., and at

such time, left the following voicemail message:

> This is for Kimberly Jones. However, if this is not Kimberly hang up or disconnect. Otherwise continue listening to the message. In doing so acknowledges you are in fact Kimberly Jones. This is an attempt to collect a debt. The information at this point Kimberly is being obtained just for that reason. This is Carrie Murphy calling. At this point the call is time sensitive. I need to speak with you by this coming Friday. Call me Kimberly at 877-335-3541 at extension 3334. Thanks.

12. In its July 19, 2012 voicemail message, Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff.

13. In failing to disclose its true corporate or business name, in its July 19, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

14. In its July 19, 2012 voicemail message, Defendant conveyed a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

15. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

16. Plaintiff repeats and re-alleges each and every allegation contained above.

17. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

18. Plaintiff repeats and re-alleges each and every allegation contained above.

19. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff, including, but not limited to: conveying a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

20.  Plaintiff is entitled to and hereby demands a trial by jury.

This 25th day of September, 2012.

            WEISBERG & MEYERS, LLC

            /s/ Ronald S. Weiss
            Ronald S. Weiss
            Ohio Bar No. 0076096
            7035 Orchard Lake Road, Suite 600
            West Bloomfield, MI 48322
            RWeiss@AttorneysForConsumers.com
            (888) 595-9111 ext. 230
            (866) 565-1327 Fax
            *Lead Counsel for Plaintiff*

            **Correspondence address**

            Weisberg & Meyers, LLC
            5025 N. Central Ave., #602
            Phoenix, AZ 85012